**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MICHELLE DAVIS,

                        Plaintiff,

    v.                                    5:23-cv-01586 (AMN/TWD)

FLO-RIDE AUTO, LLC, JOHN DOE, in his capacity as Chief Executive Officer and Individually, and CREDIT ACCEPTANCE CORPORATION,

                        Defendants.

---

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **DOMBROW LAW FIRM**<br>499 South Warren Street – Suite 405<br>Syracuse, New York 13202<br>*Attorneys for Plaintiff* | **RUSSELL W. DOMBROW, ESQ.** |
| **MCLAUGHLIN & STERN, LLP**<br>260 Madison Avenue<br>New York, New York 10016<br>*Attorneys for Defendant*<br>*Credit Acceptance Corporation* | **CHESTER R. OSTROWSKI, ESQ.** |

**Hon. Anne M. Nardacci, United States District Judge:**

### MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On December 16, 2023, Plaintiff Michelle Davis ("Plaintiff") commenced this action against Defendants Credit Acceptance Corporation ("Defendant" or "CAC"), Flo-Ride Auto, LLC ("Flo-Ride"), and John Doe, alleging violations of state and federal law in connection with the purchase of a used vehicle. Dkt. No. 1 ("Complaint"). Presently before the Court are motions from Plaintiff to vacate a stipulation to dismiss pursuant to Rule 60 of the Federal Rules of Civil

Procedure ("Rule 60"), Dkt. No. 30 ("Rule 60 Motion"), to amend the Complaint, and for a default judgment, Dkt. Nos. 22-23 ("Motion to Amend"). Defendant opposes both motions, Dkt. Nos. 29, 31, and Plaintiff requested and received permission to file a reply in further support of her Rule 60 Motion, Dkt. Nos. 32-34.

For the reasons set forth below, the Rule 60 Motion is denied, this action is dismissed by stipulation of the parties, and the Motion to Amend is terminated as moot.

## II.  BACKGROUND

Unless otherwise noted, the following facts are drawn from the Complaint or other materials that Plaintiff has submitted.

### A. Plaintiff's Allegations

Plaintiff alleges that on December 16, 2022, she entered into a Retail Installment Contract ("RIC") to purchase a 2013 Jeep from Flo-Ride in Oswego County. Dkt. No. 1 at ¶¶ 51, 71. The RIC indicates the vehicle had 119,943 miles and a cash price of $8,000. Dkt. No. 22-4 at 2-3.[1] Plaintiff alleges that she financed the vehicle and Flo-Ride assigned the RIC to Defendant the same day. Dkt. No. 1 at ¶¶ 84-85. Plaintiff further alleges that she experienced various problems taking delivery of the vehicle and operating it thereafter, culminating in an approximately $2,500 repair estimate in September 2023. *Id.* at ¶¶ 88-127; Dkt. No. 1-1. The Complaint indicates that Plaintiff "is not driving" the vehicle "[a]s of this filing." Dkt. No. 1 at ¶ 243. A substantial portion of the Complaint's allegations are based upon "information and belief." *Id.* at ¶¶ 20, 35, 63, 68, 72-75, 79, 86, 88-89, 98, 104, 106, 112, 114, 118, 120, 132, 135-36, 147-48, 160, 167, 176-80, 182, 230, 232, 237, 239. Plaintiff brings twelve[2] claims under federal and state law in connection with her

---

[1] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

[2] The Complaint incorrectly titles two separate counts as "Count 3." *Id.* at ¶¶ 150, 161.

2

purchase of the vehicle, as well as a request for declaratory judgment. *Id.* at ¶¶ 144-250.

### B. Procedural History

Plaintiff commenced this action in December 2023. Dkt. No. 1. In March 2024, Plaintiff filed an affidavit of service indicating that she had served Flo-Ride via the New York Secretary of State. Dkt. No. 4. Approximately two weeks later, Plaintiff requested and received an entry of default as to Flo-Ride. Dkt. Nos. 12-13. Also in March 2024, Defendant filed a pre-motion letter regarding its anticipated motion to compel arbitration "of all claims alleged in this action," pursuant to the RIC. Dkt. No. 6 at 1.

On April 8, 2024, Defendant moved to compel arbitration of "any and all claims alleged in this action," pursuant to the RIC, and to stay "this action and all proceedings herein pending arbitration." Dkt. No. 14-1 at 6; Dkt. No. 14 at 1.

On April 23, 2024, Plaintiff and Defendant submitted a stipulation to withdraw the pending motion to compel arbitration as moot. Dkt. No. 15 ("Stipulation"). The Stipulation required Plaintiff to initiate arbitration "[o]n or before **May 31, 2024**." *Id.* at ¶ 2. The Stipulation further provided that "[t]his action shall be stayed pending arbitration, provided, however, that, if Plaintiff fails to initiate arbitration on or before **May 31, 2024**, as set forth herein, *any and all claims asserted by Plaintiff in this action shall be dismissed with prejudice*," *id.* at ¶ 5 (emphasis added), and that "[f]or the avoidance of doubt, no further Order of this Court shall be necessary to effectuate the dismissal of Plaintiff's claims . . . under Paragraph 5 above, which shall result automatically in the event that Plaintiff fails to initiate arbitration . . . as required herein," *id.* at ¶ 6.

On April 29, 2024, United States Magistrate Judge Thérèse Wiley Dancks Judge so-ordered the Stipulation, stayed the case, and requested a status update regarding arbitration no later

3

than July 31, 2024.  Dkt. Nos. 16-17.

On May 31, 2024, Plaintiff's counsel emailed Defendant's counsel, acknowledged that "today's the deadline for me to file arbitration claims," and requested "extending the filing deadline out to **July 31, 2024** so we can see if we can resolve th[is] before then please?"  Dkt. No. 29-2 at 2.  Defendant's counsel agreed.  *Id.*  Defendant's counsel states that Plaintiff's counsel never contacted him to discuss potential settlement between May 31, 2024 and July 31, 2024.  Dkt. No. 29-1 at ¶ 9.

On July 31, 2024, Plaintiff's counsel emailed Defendant's counsel regarding the "status report due today in this case" and also requested "a thirty (30)-day extension to file the arbitration claim[.]"  Dkt. No. 29-3 at 2.  Defendant's counsel again agreed to the extension.  *Id.*

Later that day, Plaintiff's counsel filed a status report stating that "[t]he parties are beginning settlement negotiations for this case" and that defense counsel had "graciously agreed" to an extension of Plaintiff's deadline to commence arbitration that "would expire on **August 30, 2024**."  Dkt. No. 18 at 1.  As to Flo-Ride, Plaintiff requested a similar extension, to August 30, 2024, to file a motion for "Deefault [sic] Judgment" "or to dismiss the Complaint against Flo-Ride, LLC if Credit Acceptance Corporation and Ms. Davis reach a settlement."  *Id.*  After reviewing the status report, Magistrate Judge Dancks issued a text order that, *inter alia*, requested a further status report regarding arbitration or settlement by September 13, 2024.  Dkt. No. 19.

Defendant's counsel states that, between July 31, 2024 and September 13, 2024, Plaintiff's counsel did not contact him to discuss settlement or to request a further extension of the arbitration filing deadline beyond August 30, 2024.  Dkt. No. 20 at 2; *see also* Dkt. No. 29-1 at ¶¶ 13-14.

On September 13, 2024, Plaintiff filed her arbitration claim.  Dkt. No. 21-1.  Later that day, Plaintiff and Defendant provided competing status reports to Magistrate Judge Dancks; Plaintiff

4

also filed the Motion to Amend.  Dkt. Nos. 20-22; *see also* Dkt. No. 29-4.  Defendant took the position that "[s]ince Plaintiff's twice-extended deadline expired without further extension," "Plaintiff's late filing of the arbitration does nothing to resurrect the claims asserted in this action, which have now been dismissed with prejudice[.]"  Dkt. No. 20 at 3.  Plaintiff took the position that her filing of the arbitration claim, "albeit late," was done in good faith.  Dkt. No. 21 at 1.  Plaintiff and Defendant appeared to agree that if Plaintiff's claims were dismissed, an arbitrator should decide any preclusive effect of the Stipulation with respect to the arbitration.  Dkt. No. 21 at 2;  Dkt. No. 20 at 3-4.

On September 30, 2024, Magistrate Judge Dancks directed Plaintiff to, *inter alia*, file the Rule 60 Motion "for relief from the Stipulation" and to file a status report regarding the arbitration by December 6, 2024.  Dkt. No. 26.  Both the Rule 60 Motion and Motion to Amend were fully briefed by November 15, 2024.  Dkt. No. 29-34.

After Plaintiff failed to file the status report as directed, Magistrate Judge Dancks *sua sponte* extended Plaintiff's time to do so.  Dkt. No. 35.  On December 11, 2024, Plaintiff filed a status report, indicating that the arbitration had commenced in November 2024 and that the parties were awaiting the assignment of an arbitrator.  Dkt. No. 36.  Magistrate Judge Dancks directed Defendant to file a further status report by February 14, 2025.  Dkt. No. 37.

On February 17, 2025, Defendant filed a status report indicating that a preliminary conference with the assigned arbitrator had been scheduled for February 20, 2025, and that Defendant intended to request "that the arbitration be stayed pending the Court's determination on Plaintiff's [Rule 60 Motion.]"  Dkt. No. 38 at 1.  Magistrate Judge Dancks directed Defendant to file a further status report following the preliminary conference with the arbitrator.  Dkt. No. 39.

On February 26, 2025, Defendant filed a status report indicating that "the arbitration has

5

been administratively stayed pending the Court's determined on Plaintiff's [Rule 60 Motion.]" Dkt. No. 40 at 1.

On June 13, 2025, Defendant submitted notice of a decision by United States Chief District Judge Brenda K. Sannes in a procedurally similar case brought by Plaintiff's counsel on behalf of different plaintiffs. Dkt. No. 42. That case, commenced one week prior to the instant case, also involved numerous federal and state claims against Defendant (as well as a different used car dealer) in connection with the purchase of a used vehicle. *Favata. v. JD Motors of CNY, LTD.*, No. 23-cv-01549, 2025 WL 1649045, at *1-3 (N.D.N.Y. June 11, 2025). As relevant here, Defendant also moved in that case to compel arbitration; the parties also stipulated to stay the case pending arbitration; Magistrate Judge Dancks also so-ordered that stipulation; and, after the deadline to commence arbitration expired and the parties filed competing status reports on the legal effect of that expiration, Plaintiff's counsel also moved to vacate the parties' so-ordered stipulation. *Id.* at *3. In contrast to the instant case, however, Plaintiff's counsel moved for a default judgment against the used car dealer defendant two months before the expiration of deadline to commence arbitration. *Id.*

In her thorough decision, Chief Judge Sannes ultimately, *inter alia*, denied the Rule 60 motion by Plaintiff's counsel to vacate the so-ordered stipulation; dismissed all claims against Defendant; and further denied the motion by Plaintiff's counsel for a default judgment against the second defendant. *Id.* at *11.

### III. DISCUSSION

Plaintiff's Rule 60 Motion seeks to "[v]acate a dismissal with prejudice contained within [the S]tipulation[.]" Dkt. No. 30 at 1; *see also Amid v. Chase*, 720 F. App'x 6, 9 (2d Cir. 2017) ("[A] stipulation to dismiss 'with prejudice' retains its preclusive effect until it is vacated pursuant

6

to a motion under [Rule] 60(b) or otherwise.") (first citing *Gomez v. City of New York*, 805 F.3d 419, 423 (2d Cir. 2015); and then citing *EDP Med. Comput. Sys., Inc. v. United States*, 480 F.3d 621, 626 (2d Cir. 2007)).

The Rule 60 Motion relies upon the very same caselaw and raises substantially the same arguments as the Rule 60 motion Plaintiff's counsel filed on the same day in the case before Chief Judge Sannes. *Compare* Dkt. No. 30, *with* Case No. 23-cv-01549, Dkt. No. 36. Given that one federal judge has already addressed the arguments from Plaintiff's counsel and applicable law in significant detail, the Court finds it unnecessary to retread the same ground in similar detail. *See Favata*, 2025 WL 1649045, at *4-7.

In short, Plaintiff's counsel admits that "[t]he inadvertent, careless, or mistaken failure to file the arbitration by the stipulated deadline is mine and mine alone," and explains that "I failed to balance my obligations to the Court and to my clients by missing the stipulated extension deadline while also trying to do everything I could to accommodate those obligations with my mother's increasing needs," in his role as "a primary caregiver" to his mother "[i]n the past twelve (12) months[.]" Dkt. No. 30-1 at ¶¶ 27-28, 41, 45.

"Rule 60(b) provides 'a mechanism for extraordinary judicial relief [available] only if the moving party demonstrates exceptional circumstances.'" *Motorola Credit Corp. v. Uzan*, 561 F.3d 123, 126 (2d Cir. 2009) (alteration in original) (quoting *Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008)). The Court finds that Plaintiff has not demonstrated such exceptional circumstances under either of the bases raised in her Rule 60 Motion.

As to Plaintiff's Rule 60(b)(1) arguments, the relevant factors do not support a finding of excusable neglect, largely for the reasons already set forth by Chief Judge Sannes. *See Favata*, 2025 WL 1649045, at *4-7; *see also Robaina v. Deva Concepts, LLP*, No. 22-1142, 2023 WL

3144038, at *1 (2d Cir. Apr. 28, 2023) (summary order) ("Those factors are: (1) 'the danger of prejudice' to the nonmoving party, (2) 'the length of the delay and its potential impact on judicial proceedings,' (3) 'the reason for the delay, including whether it was within the reasonable control of the movant,' and (4) 'whether the movant acted in good faith.' . . . *Pioneer* also held that attorney mistake seldom meets this standard, as 'clients must be held accountable for the acts and omissions of their attorneys.'") (quoting *Pioneer Inv. Servs. Co. v. Brunswisk Assocs. Ltd. P'ship*, 507 U.S. 380, 395, 396 (1993)).  And while this Court is similarly sympathetic to the reason for the delay proffered by Plaintiff's counsel, that reason is insufficient to grant a Rule 60 motion in one case—let alone two.  *Doe v. Bd. of Educ. of N. Colonie Cent. Sch. Dist.*, No. 22-cv-700, 2023 WL 4199250, at *2 (N.D.N.Y. June 27, 2023) ("[T]he Second Circuit has 'consistently refused to relieve a client of . . . a final judgment entered against him due to the mistake or omission of his attorney by reason of the latter's ignorance of the law or of the rules of the court, or his inability to efficiently manage his caseload.'") (second alteration in original) (first quoting *Carcello v. TJX Cos.*, 192 F.R.D. 61, 63 (D. Conn. 2000); and then citing *Nemaizer v. Baker*, 793 F.2d 58, 62 (2d Cir. 1986)).

With respect to Plaintiff's Rule 60(b)(6) arguments, as Defendant notes, Plaintiff's counsel's "statements about the supposed 'extraordinary circumstances' warranting Rule 60(b)(6) relief . . . are ***copied and pasted*** directly from his argument about 'reasonable control' in the Rule 60(b)(1) context . . . , only replacing 'reason for delay' with 'extraordinary circumstances.'" Dkt. No. 31 at 23 (first citing Dkt. No. 30-4 at 17-18; and then citing *id.* at 13-14); *see also Favata*, 2025 WL 1649045, at *7 (same).  These arguments, to the extent they are properly considered under Rule 60(b)(6), remain unpersuasive.  *See Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) ("Rule 60(b)(1) and Rule 60(b)(6) are 'mutually exclusive,' such 'that any conduct

8

which generally falls under the former cannot stand as a ground for relief under the latter.' . . . Thus, '[w]here a party's Rule 60(b) motion is premised on grounds fairly classified as mistake, inadvertence, or neglect, relief under Rule 60(b)(6) is foreclosed.'") (second alteration in original) (quoting *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012)).

Finally, the Court notes that Plaintiff has consistently taken the position in this litigation that Defendant is liable for the conduct of Flo-Ride under the Holder Rule. *See, e.g.,* Dkt. No. 1 at ¶ 208 ("Defendant CAC is liable under the FTC Holder Rule for Flo-Ride's conduct in the sale of the [Jeep] to the Plaintiffs [sic], as CAC is a holder of the [RIC]."); Dkt. No. 18 at 1 (status report requesting extension of time to file the Motion to Amend "or to dismiss the Complaint against Flo-Ride, LLC if Credit Acceptance Corporation and Ms. Davis reach a settlement"); Dkt. No. 24-1 (letter to Defendant re: Holder Rule liability); *see also Pierre v. Planet Auto., Inc.*, 193 F. Supp. 3d 157, 174 (E.D.N.Y. 2016) ("The Holder Rule, a regulation promulgated by the Federal Trade Commission (the 'FTC'), preserves a consumer's right to assert the same legal claims and defenses against the assignee of a credit contract as that consumer could have asserted against the assignor.") (citations omitted). In Plaintiff's counsel's declaration in support of the Rule 60 Motion, he states that "Defendant CAC has known since this case began what the Plaintiff's causes of action against Defendants Flo-Ride and Doe[ ] were *and that those claims would likely be brought in an arbitration claim against Defendant CAC based on its liability to Ms. Davis under the [FTC] Holder Rule*." Dkt. No. 30-1 at ¶ 21 (emphasis added). Plaintiff appears to have commenced such an arbitration against Defendant. Dkt. No. 21-1 at 3. And Plaintiff's reply in support of her Rule 60 Motion reiterates her desire "to proceed with her claims in the forum contemplated by the arbitration agreement." Dkt. No. 34 at 3.

9

Given the procedural posture of this case, nothing in the Rule 60 Motion provides a basis to disturb the agreement that Plaintiff and Defendant reached—particularly given the pending arbitration between them, which has been administratively stayed pending this Court's decision. Dkt. Nos. 16, 40. Accordingly, the Rule 60 Motion is denied in all respects.[3] *Stevens*, 676 F.3d at 67 ("The decision whether to grant a party's Rule 60(b) motion is committed to the 'sound discretion' of the district court[.]") (citation omitted).

Given that Plaintiff and Defendant appear to agree that this Court should not address the preclusive effect, if any, of the Stipulation with respect to the pending arbitration, the Court does not do so. Dkt. No. 21 at 2; Dkt. No. 20 at 3-4.

## IV.  CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's motion to vacate, Dkt. No. 30, is **DENIED**; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 1, is **DISMISSED with prejudice**; and the Court further

**ORDERS** that Plaintiff's motion to amend and for a default judgment, Dkt. No. 22, is **TERMINATED as moot**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules and close the case.

**IT IS SO ORDERED.**

Dated: July 24, 2025
Albany, New York

Anne M. Nardacci
U.S. District Judge

---

[3] Because the Rule 60 Motion also requested vacatur so that Plaintiff could "move for default judgment against the remaining Defendants," Dkt. No. 30 at 1, the Motion to Amend is terminated as moot.